UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WESTFIELD INSURANCE CORPORATION,

        Plaintiff,

v.

        Case Number 05-10008
        Honorable David M. Lawson

MAINSTREAM CAPITAL CORPORATION,

        Defendant.
_____/

## ORDER OF DISMISSAL

The matter is before the Court on an order issued to the plaintiff to show cause why this Court should not decline to exercise its discretionary declaratory judgment jurisdiction. The plaintiff in this case is an insurance company seeking a declaration that it is not required to indemnify the defendant under a comprehensive general liability (CGL) insurance policy issued by the plaintiff to the defendant. Within the last year, the Sixth Circuit has reiterated its instruction to district courts to consider carefully whether declaratory judgment actions seeking determinations of insurance coverage should be allowed to proceed in federal court since the "[e]xercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a) is not mandatory," and "declaratory judgement actions seeking an advance opinion on indemnity are seldom helpful in resolving an ongoing action in another court." *Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004) (internal quotes and citations omitted). The Court now finds that the better exercise of discretion is to abstain from hearing the matter and leave the parties to a determination of the coverage issue in the Michigan state court where the underlying litigation remains pending.

I.

The underlying litigation is a lawsuit brought against the insured defendant in this case, Mainstream Capital Corporation. Mainstream is described as a developer, builder and seller of luxury condominiums. One of its customers, Theron W. Grover, filed an action in the Bay County, Michigan Circuit Court alleging that Mainstream failed to correct defective workmanship in a new condominium sold to Grover, punctured certain moisture barriers and caused water damage in various areas of the condominium, allowed mold to grow, and harmed Grover in several ways including depriving him of the full use and enjoyment of the dwelling, causing him anxiety and a threat to his health, relocation expenses, inconvenience, and physical destruction of a part of the dwelling by water. Grover sought recovery of damages in the State court case of over $200,000 under theories of breach of warranty and misrepresentation. Westfield has furnished a defense to Mainstream in that case under a reservation of rights.

The CGL insurance policy issued by Westfield to Mainstream protects Mainstream against liability for bodily injury and property damage. Westfield apparently concedes that it may be liable to indemnify Mainstream for some of the damages claimed by Grover. Westfield has not asked this Court to declare that Westfield has no duty to defend Mainstream in the State court lawsuit. Rather, Westfield requests in this case that the Court "declare[] the nature of the coverage afforded under the policy" so that it may "provide the parties with a sense of the coverage afforded." Pl.'s Resp. to Order to Show Cause at 2, 3. From this representation, the Court concludes that the insurer seeks to limit its exposure to certain categories of damage claimed by Grover in the State court case so that it may stake out its settlement position in that action and furnish information in aid of drafting

specific interrogatories to the jury on the question of damages. Westfield, however, has chosen not to join Grover as a party in the present action.

II.

Although the federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), the exercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), is not mandatory, *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942), and at times the better exercise of discretion favors abstention. "By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 969 (6th Cir. 2000). Abstaining from that opportunity generally "rest[s] on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River*, 424 U.S. 800, 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)). Declining jurisdiction is always a sensible option to consider in declaratory judgment actions seeking an opinion on insurance coverage impacting litigation pending in another court, for although there is no *per se* rule prohibiting such actions in federal court, *see Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1066 (6th Cir.1987), "[s]uch actions . . . should normally be filed, if at all, in the court that has jurisdiction over the litigation giving rise to the indemnity problem." *Bituminous Cas. Corp.*, 373 F.3d at 812 (quoting *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.,* 791 F.2d 460, 463 (6th Cir. 1986)).

To assist district courts in determining whether to proceed with such actions, the Sixth Circuit in *Bituminous Casualty Corporation* repeated five factors that it drew from its earlier precedents:

> (1) whether the judgment would settle the controversy;
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
> (5) whether there is an alternative remedy that is better or more effective.

*Id.* at 813. Unless these factors weigh in favor of entertaining the action, the federal court should abstain. *Ibid.* Pursuant to this Court's order, the plaintiff addressed these factors in its response to the show cause order. The Court believes these factors augur in favor of abstention.

The first factor favors abstention. A decision on the coverage question in this Court will not resolve the underlying dispute. In fact, a determination in this lawsuit will not result in a conclusive pronouncement on whether Westfield must indemnify Mainstream at all, since there are certain categories of damages claimed by Grover that apparently fall within the scope of the CGL policy and some that do not. Whether the amounts claimed by Grover are attributable to one or the other category of damages he claims cannot be determined until the facts in the underlying case are resolved. The total amount of Grover's damages that Westfield may be called upon to pay must abide the determination of the State court action.

Moreover, the damaged claimant, Grover, has not been made a party to this case. Conventional principles of merger and bar would suggest that a person who is not a party to litigation cannot be bound by the judgment in that case. *See, e.g., Bankers Trust Co. v. Old Republic Ins. Co.*, 697 F. Supp. 1483, 1488 (N.D. Ill. 1988). However, under Michigan's rather unusual rules

of collateral estoppel, an injured person who has knowledge of a declaratory judgment action against his tortfeasor but does not intervene nonetheless is bound by the judgment. *See Wilcox v. Sealey*, 132 Mich. App. 38, 346 N.W.2d 889 (1984). As a result, Westfield could obtain a determination that certain damages suffered by Grover need not be paid by Westfield under a determination of facts made without any input from the damaged party. Allowing such a piecemeal determination of the controversy creates the potential for inconsistent results if Grover's damages are held in the State action to fall within a different category of loss.

The second factor is whether the declaratory judgment action would be useful in clarifying the legal relations among the parties. As in *Bituminous Casualty Corporation*, a decision as to coverage would clarify the legal relationship between Mainstream and Westfield. Yet this lawsuit cannot determine the amount that Westfield must pay ultimately to Grover. At most, Westfield's damage exposure could be decided only on a categorical basis. What Westfield seeks, however, is for the Court to view the entire spectrum of damages in Grover's claim and then dissect out certain areas from Westfield's coverage obligation to Mainstream, and do this without hearing from Grover. Whether certain specific items of damage are allocated to one or another category cannot be determined without deciding the facts in the underlying case. Since that task also must be performed by the State court, it appears that entertaining this advisory action would not constitute wise judicial administration.

With respect to the third factor, Westfield argues that it "is not engaging in procedural fencing nor is it setting up a contest for *res judicata*." Pl.'s Resp. to Order to Show Cause at 2, 3. Yet Westfield has chosen to proceed in a forum other than where the underlying action is pending and has chosen not to join as a party the claimant whose damage claim Westfield ultimately may be

required to pay. As noted above, circumstances unique to Michigan law allow Westfield to maneuver a judgment with respect to coverage into a binding determination that governs Grover's right to seek payment of his claim from Mainstream's insurer by the simple expedient of notifying Grover without making him a party to the action. It is difficult for the Court to accept Westfield's argument, therefore, that the present action was filed in this forum without the concept of collateral estoppel in mind.

The Court next turns to the fourth factor. As the court in *Bituminous Casualty Corporation* observed,

> [t]o determine whether the exercise of jurisdiction would increase friction between federal and state courts we have considered three additional factors:
>   (1) whether the underlying factual issues are important to an informed resolution of the case;
>   (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>   (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Bituminous Cas. Corp.*, 373 F.3d at 814-15 (quoting *Scottsdale*, 211 F.3d at 968). Answering these questions, the Court observes that although the underlying facts may not be particularly critical in determining the categories of coverage under the CGL policy in relation to the damages claimed by Grover, it would be difficult to give a definitive ruling in the absence of information about the specific damages alleged and their various causes. In the absence of that information, it is inconceivable that a meaningful judgment on coverage could be formulated – that is, one that speaks much beyond generalities – without factual findings on the underlying claim. The Court also believes that the State court is in a better position to evaluate the factual issues surrounding the claim, especially in light of the fact the both competing claimants are before that tribunal, which is

not the case here. Next, although the scope of coverage under a CGL policy appears to have been frequently litigated and well settled under Michigan law, there is no element of federal common law that comes into play in this matter. On the other hand, "states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation." *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 279 (6th Cir. 1990), *abrogated on other grounds by Wilton v. Seven Falls Co.,* 515 U.S. 277, 289-90 (1995). This fourth factor, therefore, favors abstention.

Finally, there are other remedies available to resolve the coverage issues in this case. Westfield could bring a declaratory judgment action in the State court where the underlying lawsuit is pending. *See* Mich. Ct. R. 2.602(A)(1) (stating that "[i]n a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted"). In addition, the question of coverage could be determined in the pending State court lawsuit by means of a garnishment action after a judgment in favor of Grover when the exact nature of the damages have been ascertained. *See, e.g., Helder v. Sruba*, 462 Mich. 92, 611 N.W.2d 309 (2000). In such an action, Westfield could raise all the defenses to coverage it might raise here. *Id.* at 101-02, 611 N.W.2d at 315.

The Court finds that the factors guiding its discretion weigh in favor of abstaining from entertaining the declaratory judgment action.

III.

The Court is not persuaded by the plaintiff's response to the order to show cause that the present action for declaratory relief should proceed in this Court. Rather, the Court believes that it should abstain from hearing the matter under the Declaratory Judgment Act.

Accordingly, it is **ORDERED** that the plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.


s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: April 19, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 19, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS

III.

The Court is not persuaded by the plaintiff's response to the order to show cause that the present action for declaratory relief should proceed in this Court. Rather, the Court believes that it should abstain from hearing the matter under the Declaratory Judgment Act.

Accordingly, it is **ORDERED** that the plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: April 19, 2005

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 19, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS